JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WAYNE PULLEN, a dba of Carole & Jan's Moving & Storage, a California sole proprietorship,<br><br>Plaintiff,<br><br>v.<br><br>TRANSGUARD INSURANCE COMPANY OF AMERICA, INC., SCOTT MICKELSON, MARLENE MACIOLEK and Does 1 through 50, inclusive,<br><br>Defendants. | Case No.: CV17-08631-AB (JEMx)<br><br>[LASC Case No. LC106405<br>Filed: October 25, 2017]<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Before the Court is Plaintiff 's Motion to Remand, which was filed on January 12, 2018. (Dkt. No. 7.) Defendant TransGuard Insurance Company of America, Inc. ("TransGuard") filed an opposition, and Plaintiff filed a reply. (Dkt. Nos. 21, 26.) The Court deems this matter appropriate for decision without oral argument and vacates the hearing scheduled for February 9, 2018. *See* Fed. R. Civ. P. 78; LR 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

**I.  BACKGROUND**

Plaintiff filed a complaint ("Complaint") in the Superior Court of the State of California, County of Los Angeles on October 25, 2017 against defendants

1.

TransGuard Insurance Company of America, Inc. ("TransGuard"), Scott Mickelson ("Mickelson"), and Marlene Maciolek ("Maciolek"), collectively ("Defendants"). ("Compl.," Dkt. No. 1-1).

In the Complaint, Plaintiff asserts four causes of action under California law arising from a denial of coverage for defense and indemnity regarding a prior case against Plaintiff. (*Id.*) As averred in the Complaint, Plaintiff owns and does business as Carole & Jan's Moving & Storage ("C&J"). (*Id.* ¶ 1.) Plaintiff purchased an insurance policy from TransGuard for its motor carriers that provides comprehensive general liability, commercial general liability, and motor carrier coverages, among others. (*Id.* ¶¶ 8–9.) On September 12, 2015, C&J employees parked a C&J moving van in a 7-Eleven parking lot in Van Nuys, California, and an incident arose involving a man named William Cohen who told the C&J employees that the van was parked illegally. (*Id.* ¶¶ 10–11.) Cohen filed a case against C&J in state court "alleging personal injury and damages arising from Plaintiff's use and employment of the moving van." (*Id.* ¶ 14.)

Plaintiff tendered a claim to Mickelson, a TransGuard claims adjuster, for defense and indemnity of the Cohen case, and Mickelson allegedly told Plaintiff the claim was covered. (*Id.* ¶ 16.) Later, Mickelson denied the claim in its entirety and stated TransGuard would not provide a defense. (*Id.* ¶ 17.) Plaintiff hired private counsel to defend C&J and continuously sent invoices and updates on the case to TransGuard. (*Id.* ¶ 19.) On or about October 12, 2017, Maciolek, who Plaintiff alleged was an agent and representative of TransGuard, told Plaintiff that Defendants accepted defense of Plaintiff's claim. (*Id.* ¶¶ 4, 20.) The Los Angeles Superior Court granted Plaintiff's motion for summary judgment against Cohen on October 16, 2017. (*Id.* ¶ 21.) Plaintiff's counsel sought confirmation from Defendants of their acceptance of the defense of the Cohen case, but TransGuard has not responded to requests for reimbursement of Plaintiff's attorneys' fees and costs. (*Id.* ¶ 22.)

Based on these actions, Plaintiff brings an action against TransGuard for breach

of written contract (Claim 1) and breach of the implied covenant of good faith and fair dealing (Claim 2). Plaintiff alleges two actions against all Defendants for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code §§ 17200, *et seq.* (Claim 3) and declaratory relief (Claim 4).

On November 29, 2017, defendant TransGuard removed the state court case to this Court on the basis of diversity jurisdiction. (Dkt. No. 1 ¶ 2.) The following day, TransGuard filed an Amended Notice of Removal ("Am. Notice of Removal," Dkt. No. 5.) TransGuard states that Plaintiff is a California citizen, and TransGuard is an Illinois citizen. (*Id.* ¶ 6.) TransGuard contends that Mickelson and Maciolek are fraudulently joined and, therefore, their citizenship should be disregarded. (*Id.* ¶¶ 8–9.) Mickelson permanently resides and is domiciled in Illinois (Decl. Scott Mickelson Decl. ¶ 2, Dkt No. 21-3) The Complaint does not allege Maciolek's state of residence. However, Plaintiff did serve a copy of the summons and complaint on Maciolek at her business address in Riverside, California. (Decl. Natasha Riggs ¶ 2, Dkt. No. 17.)

The removing defendant, TransGuard, filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) on January 5, 2018. (Dkt. No. 13.) Plaintiff filed his motion to remand on January 12, 2018. (Dkt. No. 17.) Defendant Mickelson filed a motion to dismiss on January 26, 2018. (Dkt. No. 28.) Although TransGuard's motion was filed before Plaintiff's motion to remand, Plaintiff's motion concerns the issue of subject matter jurisdiction. Because jurisdiction must "be established as a threshold matter," this Court must first resolve the threshold question of subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998).

**II. LEGAL STANDARD**

Under 28 U.S.C. § 1441(a), an action may be removed by one or more defendants to the district court where the action is pending if the district court has original jurisdiction over the action. A district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interests and costs," and the controversy is between citizens of different states. 28 U.S.C. § 1332. Section 1332(a)(1) specifically requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Under § 1441(b)(2), an action may not be removed if any defendant "properly joined and served . . . is a citizen of the State in which such action is brought." The party asserting diversity jurisdiction bears the burden of proof as to the citizenship of the parties. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removal statute is "strictly construe[d] against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. The removing defendant has the burden of proving that removal is proper due to the "strong presumption" against removal jurisdiction. *Id.*

**III. DISCUSSION**

The parties do not dispute that this litigation places more than $75,000 in controversy. Diversity jurisdiction, then, depends on whether complete diversity exists between Plaintiff and Defendants. Plaintiff is a citizen of California. Both Mickelson and TransGuard are domiciled in Illinois, but Plaintiff has asserted evidence, which Defendants do not dispute, that Maciolek resides in California. (*See* Riggs Decl. ¶ 2.) Because both Plaintiff and Maciolek reside in California, complete diversity does not exist between the Plaintiff and Defendants. As long as Maciolek remains a defendant in this action, the Court lacks subject matter jurisdiction.

Although TransGuard fails to establish that Maciolek resides anywhere other than California, they argue that Maciolek's residence is irrelevant. A non-diverse defendant may be disregarded for purposes of determining diversity jurisdiction if joinder of the defendant was "fraudulent" or "sham." *McCabe v. General Foods*

4.

*Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Fraudulent joinder is a term of art." *Id.* The test for whether a defendant is fraudulently joined is whether "the plaintiff [has failed] to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* "A 'colorable' claim against a non-diverse defendant bars removal under the fraudulent joinder doctrine; 'doubtful questions' of law must be determined in state court." *Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998).

The removing party has the heavy burden of proving that there is "no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America,* 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). While the removing defendant may present facts to prove that the joinder is fraudulent, the district court "must resolve all disputed questions of fact in favor of the plaintiff." *Id. See also Gonzalez v. Metropolitan Life Ins. Co.*, No. CV15-2870-R, 2015 WL 4133512 at *2 (C.D. Cal. July 7, 2015) ("[A] non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.").

Here, Defendants argue that Plaintiff fraudulently joined Maciolek for two reasons. First, they claim that Maciolek cannot be held individually liable as an insurance agent unless Plaintiff establishes that she was a dual agent. Second, they argue that Plaintiff cannot allege sufficient facts to state a UCL claim against Maciolek.

**A. Dual Agency**

TransGuard principally argues that Plaintiff cannot possibly state a claim against Maciolek because she cannot be held individually liable. "It is well established that, unless an agent or employee acts as a dual agent . . . , she cannot be held individually liable as a defendant unless she acts for her own personal advantage." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). Under

California law, when an insurance agent contracts in the insurer's name and does not exceed her authority, "the insurer is liable and not the agent." *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1297–98 (C.D. Cal 2000) (citations omitted).

However, "if a dual agency exists, the law does not foreclose recovery by the insured." *Id.* at 1298. Where an insurance agent is a dual agent, the agent owes a duty to both the insurer and the insured, and "the agent may be liable to the insured for negligence or other tortious behavior even if committed within the scope of [the agent's] role as an agent of the fully disclosed insurer." *Levine v. Allmerica Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1079 (C.D. Cal. 1999). An agent can be considered a dual agent when "she is either an independent broker or has a long-term, special relationship with the insured." *Id.* (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998))

Plaintiff alleged in the Complaint that he was informed and believed that defendant Marlene Maciolek was an agent and authorized representative of TransGuard. (Compl. ¶ 4.) TransGuard contends, however, that Maciolek is not a TransGuard agent, but rather is Plaintiff's insurance broker who works for another company. (Am. Notice of Removal ¶ 9; Dkt. No. 21 at 7.) Defendant Mickelson states that he believes Maciolek is employed by Hub International, an insurance broker. (Mickelson Decl. ¶ 3.) In other words, Defendants' own assertions indicate that Maciolek was not an agent for TransGuard, but rather was an independent broker. The issue of whether Maciolek acted as a dual agent is a question of fact. *See Gonzalez*, 2015 WL 4133512 at *2. Viewing all disputed questions of fact in the light most favorable to Plaintiff, the Court determines for purposes of Plaintiff's Motion that Maciolek was an independent broker, not a TransGuard agent. Maciolek therefore might have been a dual agent, and Plaintiff retains a potential claim against her.

### B. California's UCL

California's UCL provides a private right of action for unlawful, unfair, or

fraudulent business practices. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011) (citing Cal. Bus. & Prof. Code § 17200). Courts have sustained UCL claims against insurers that misrepresent the scope and extent of their coverage. *See*, *e.g.*, *R & B Auto Ctr., Inc. v. Farmers Grp., Inc.*, 140 Cal. App. 4th 327, 333, 336, 360 (2006), *as modified* (July 5, 2006) (reversing dismissal of unfair competition claims based on the insurer's representations about the scope of coverage). Additionally, "an insurance agent may be directly liable for misrepresenting the extent or nature of coverage, or if the agent holds himself out as having expertise in the area of insurance sought by the insured." *Gonzalez,* 2015 WL 4133512 at *2; *see Fitzpatrick v. Hayes,* 57 Cal. App. 4th 916, 927 (1997).

Plaintiff alleges in his Complaint that Maciolek represented to Plaintiff that "Defendants accepted defense of the claim" and that they "engaged in unfair, deceptive, untrue, and/or misleading advertising by promising to provide timely defense coverage in the event of a covered claim when they had no intention of doing so." (Compl. ¶¶ 20, 49.) Because there is an allegation that Maciolek misrepresented the extent or nature of coverage, there is a potential claim that she is liable under the settled law.

The Court need not decide at this stage whether Plaintiff's UCL claim against Maciolek, as alleged, would survive a motion to dismiss. Rather, the Court finds that there is some possibility that Plaintiff will be able to establish a claim against Maciolek for unfair, deceptive, untrue, and/or misleading advertising. Because Defendants have not met their heavy burden of demonstrating fraudulent joinder, the Court cannot exercise subject matter jurisdiction in this case.

**IV.  CONCLUSION**

For the foregoing reasons, the Court hereby **<u>GRANTS</u>** Plaintiff's Motion for Remand and directs the Clerk to **REMAND** this action to the Superior Court of California, County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Therefore, the Court will not address Defendant TransGuard's

and Defendant Mickelson's Motions to Dismiss.  (Dkt. Nos. 13, 28.)

**IT IS SO ORDERED.**

Dated: February 08, 2018



_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE